```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


                                  )
ANTWAN CARTER,                    )
                                  )
          Plaintiff,              )
                                  )    Civil Action No.
          v.                      )    16-12052-NMG
                                  )
LUIS SPENCER, et al.,             )
                                  )
          Defendants.             )
                                  )
```

## ORDER

**GORTON, J.**

Antwan Carter ("Carter"), who is incarcerated at the Souza-Baranowski Correctional Center, has filed a civil rights action in which he alleges that his rights under federal and state law were violated when he was assaulted by two correction officers and threatened by a third correctional officer in October 2013. Carter has also filed motions for leave to proceed in forma pauperis, permission to complete service by certified mail, and the appointment of counsel.

Upon review of the motions, the Court rules as follows:

1.  The renewed motion for leave to proceed in forma pauperis (Docket No. 9) is **DENIED** because Carter has adequate funds to prepay the filing fee.

According to Carter's prison account statement (Docket No. 11), the average balance of his institutional account between April 18, 2016, and October 21, 2016, was $3,600.55. Expenditures and income for the same time period were $2,425.14 and $249.19, respectively.  As of October 21, 2016, the balance was $2,658.89.  Based on this financial record, the Court concludes that Carter is presently able to prepay the $400 filing fee (which includes a $50 administrative fee).

Even if the Court were inclined to allow Carter to proceed without prepayment of the fee, the statutory initial partial filing fee would exceed the fee amount.  Under 28 U.S.C. § 1915(b)(1), when the Court allows a prisoner plaintiff to proceed without prepayment of the filing fee, the Court must assess an initial partial filing fee in the amount of twenty percent of the greater of the prisoner's average monthly income or monthly institutional account balance over the preceding six months.[1]  Using this formula, Carter's initial filing fee would be $720.11 (twenty percent of $3,600.55), far in excess of the filing fee.  "Since the 'initial partial filing fee' calculated pursuant to 28 U.S.C. § 1915 is not partial, but instead exceeds the amount of the full filing fee due[,] the court does not

---

[1] A prisoner plaintiff who is allowed to proceed in forma pauperis is not exempt from paying the filing fee.  He may prosecute his claim without prepayment of the fee, but he must still pay the filing fee (minus the $50 administrative fee) over time.  See 28 U.S.C. § 1915(b).

2

assess an initial fee.  Instead, the court denies plaintiff's Motion for Leave to Proceed in forma pauperis." Landry v. Davis, C.A. No. 08-03244, 2009 WL 274242, at *1 (D. Kan. Jan. 26, 2009).

If Carter wishes to prosecute this action, he must, within thirty-five days, pay the $400 filing fee.  Failure to do so will result in dismissal of the action.

2. The motion for service by certified mail (Docket No. 3) is **DENIED**.

Service of the complaint and summonses must comply with Rule 4 of the Federal Rules of Civil Procedure ("Rule 4"), which only explicitly provides for service by certified mail upon the United States and its agencies, corporations, officers, or employees.  See Fed. R. Civ. P. 4(i)(1), (2).  In regards to service of individuals, unless they are incompetent or located in a foreign country, see Fed. R. Civ. P. 4(f), (g), the plaintiff must serve the individual under Rule 4(e) or obtain a waiver of service under Rule 4(d).  Under Rule 4(e), service upon an individual may be effected by:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or (C) delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).  Rule 4(e) also allows for service in the manner allowed under state law.  See Fed. R. Civ. P. 4(e)(1).  Under Massachusetts law, an individual located within the state is served:

> by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process.

Mass. R. Civ. P. 4(d)(1).  Because neither Rule 4 nor its state counterpart provides for service upon individuals by certified or registered mail, the Court denies the motion to complete service by certified mail.  Nothing in this order precludes Carter from asking the defendants to waive service of the summons.  See Fed. R. Civ. P. 4(d).

    3.   The motion for the appointment of counsel (Docket No. 10) is **DENIED WITHOUT PREJUDICE**.

    Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. §1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process

4

rights.  See id.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  See id. at 24.

Here, because the filing fee has not been resolved and the defendants have not responded to or even been served with the complaint, the Court cannot yet determine whether this case presents exceptional circumstances that would justify the appointment of pro bono counsel.  The motion is therefore denied without prejudice to renewal after the defendants have responded to the complaint.

**So ordered.**

        /s/ Nathaniel M. Gorton\_\_\_\_\_
        Nathaniel M. Gorton
        United States District Judge

Dated November 22, 2016