United States District Court
District of Massachusetts

| | |
|---|---|
| Antwan Carter, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| Luis Spencer, et al., ) | 16-12052-NMG |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This suit arises out of the plaintiff's claims that two correction officers assaulted him while he was incarcerated at Souza-Baranowski Correctional Center under 42 U.S.C. § 1983. The plaintiff further alleges that a third correction officer threatened him with sexual assault. As a result of those incidents, the plaintiff filed two inmate grievances with the Massachusetts Department of Correction both of which were denied. He then appealed the denial of the first grievance. He now seeks damages for his § 1983 and state law claims against the officer defendants and their supervisors.

I. <u>Background</u>

Antwan Carter ("plaintiff" or "Carter") is an inmate at Souza-Baranowski Correctional Center ("Souza"). He alleges that

he was attacked by Correction Officers ("CO") Gregory Dominique ("Dominique") and Jason Collins ("Collins") on October 16, 2013, and that he filed an inmate grievance regarding the assault ("Grievance 1") with the Massachusetts Department of Correction ("the DOC") the next day. In Grievance 1, Carter requested that the incident be thoroughly investigated. On October 25, 2013, the Internal Grievance Coordinator ("IGC") referred the matter to Internal Affairs ("IA").

The plaintiff also alleges that on October 23, 2013, CO Patrick Hines ("Hines") taunted and threatened him with sexual assault. He filed another grievance ("Grievance 2") and asked for a remedy of a "safer environment" that same day. The IGC reached a "decision" with respect to Grievance 2 by referring the matter to IA on November 14, 2013.

In January, 2014, the Chief of the Internal Affairs Unit, Philip Silva, gave written notice to the plaintiff that his grievances were under investigation. In September, 2014, Superintendent Bruce Gelb ("Gelb") notified Carter in writing that his allegations as to staff misconduct were "not sustained" and that Gelb considered the matter closed.

The plaintiff appealed the IGC decision on Grievance 1 in November, 2016, seeking monetary damages. The following day, Superintendent Steven Silva ("Silva") returned the appeal because the plaintiff had inserted the wrong grievance number.

Shortly thereafter, Superintendent Silva denied Grievance 1 noting that time limits for filing an appeal had expired. Carter did not appeal the decision on Grievance 2.

The plaintiff avers that between the time he was assaulted and the date he filed his appeal on Grievance 1, he was transferred to different facilities several times. He claims he was unable to file an appeal with respect to Grievance 1 during the course of those transfers because he had lost his legal papers but that he promptly filed his appeal as soon as he received copies of Grievance 1 in mid-October, 2016.

The plaintiff filed an amended complaint in January, 2017, alleging the following claims against COs Dominique and Collins: 1) use of excessive force under 42 U.S.C. § 1983; 2) use of excessive force under Article XXVI of the Massachusetts Constitution; 3) threats, intimidation and coercion against the plaintiff under M.G.L. c. 12 § 11H; 4) assault and battery and 5) intentional infliction of emotional distress.

With respect to Claims I, II and III, the plaintiff incorporates the same allegations against the supervisors at Souza on the grounds that Commissioners Luis Spencer ("Spencer") and Carol Higgins O'Brien ("O'Brien") and Superintendent Bruce Gelb ("Gelb") (collectively referred to as "supervisor defendants") failed to train, supervise or discipline correctional staff.

Finally, the plaintiff alleges that CO Hines: 1) engaged in threats, intimidation and coercion against the plaintiff in violation of 42 U.S.C. § 1983 (Claim I), 2) engaged in threats, intimidation and coercion against the plaintiff in violation of the Massachusetts Constitution (Claim II), 3) engaged in threats, intimidation and coercion against the plaintiff in violation M.G.L. c. 12 § 11H (Claim III) and 4) is liable for intentional infliction of emotional distress (Claim V).

This Court previously dismissed Count VI of the plaintiff's amended complaint (Docket No. 70) and dismissed the claims against Superintendent Osvaldo Vidal for lack of service (Docket No. 71). Pending before the Court is defendants' motion to dismiss all remaining claims (Docket No. 83).

## II. Motion to Dismiss

### A. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face". Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of Trial Court

of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

**B. Claims Against the Correction Officer Defendants**

The defendants submit that the plaintiff's claims are barred because he failed to exhaust all administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) (1996), and M.G.L. c. 127 § 38F. Specifically, they contend that as to Grievance 1, the plaintiff failed to file a

timely appeal and that as to Grievance 2, he failed to appeal the grievance at all.

**Grievance 1**

As to Grievance 1, the defendants assert that Carter did not file an appeal within ten days of receiving a decision from the IGC and thus his untimely appeal must be dismissed for failure to exhaust all administrative remedies. Defendants also contend that because Carter did not allege monetary damages as part of his remedy in the grievance, as required by 103 CMR 491.09 (2)(E), his claim is barred. Finally, defendants aver that Carter did not file any grievances against Commissioners O'Brien and Spencer, Superintendent Gelb or Correction Officers Collins and Hines and thus the claims regarding use of excessive force under § 1983 (Claim I) should be dismissed as to those defendants.

Carter contends that he did not have access to his legal papers because they were not returned to him and that courts have waived strict exhaustion requirements if prison officials are responsible for an inmate's procedural default.

Defendants respond that because the plaintiff failed to satisfy the procedural requirement of providing a reason for the proposed extension of time for filing, the grievance process was properly terminated.

The Court will consider the claims against the supervisor defendants separate and apart from those against the CO defendants Dominique and Collins to which it turns first. The Supreme Court has held that the exhaustion of administrative remedies "demands compliance with an agency's deadlines and other critical procedural rules". Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). The regulation governing inmate grievances in Massachusetts, 103 CMR 491.12(1), requires that an appeal of a decision on a grievance must be filed within ten working days from receipt of the decision. The regulation also requires that the inmate provide a copy of the original grievance as part of the appeal form to the Superintendent. As such, Carter, by filing his appeal three years after receiving a decision from the IGC, would normally be barred from bringing this suit.

This Court has, however, held that where there is a genuine dispute of fact as to whether an inmate's attempt to file a grievance is thwarted by either government incompetence or misconduct, it will not dismiss the complaint for lack of subject matter jurisdiction. Carter v. Newland, 441 F. Supp. 2d 208, 211 (D. Mass. 2006) (refusing to dismiss the claim where the plaintiff alleged, at the motion to dismiss stage, that the officers told him they tore up his grievance forms); see also Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (joining the Eighth and Fifth circuits in finding that an official's

failure to respond to an inmate grievance rendered those administrative remedies "exhausted" as they were "unavailable").

The plaintiff has proffered that, despite asking for his legal paperwork, he did not receive it, nor did he get a copy of his initial grievance which was required for the appeal, until Mid-October, 2016.  He claims that prison officials withheld his legal paperwork as he was transferred to different medical facilities over that three-year period.  Moreover, the initial IGC decision noted that the grievance had been referred to IA.  It was not until September, 2014, that the plaintiff received written notice that Superintendent Gelb determined that his allegations of staff misconduct had no merit.  Drawing all inferences in favor of the non-moving party, the plaintiff has alleged sufficient facts that, if proven, would indicate that the prison officials played a role in delaying his ability to file an appeal.  As such, Carter's untimely appeal falls under a limited exception recognized by several circuits that a remedy becomes unavailable if prison employees use "affirmative misconduct to prevent a prisoner from exhausting". Lewis, 300 F.3d at 833.

Defendants' argument that the plaintiff should have specified the reason for the delay when filing his appeal is well taken. See 103 CFR 491.18 (stating that time for an appeal may be extended if the inmate presents a legitimate reason for

requesting an extension); 103 CFR 419.19 (denoting that failure to comply with time restrictions unless waived by the IGC or Superintendent terminates the grievance process). In support of that proposition, defendants cite Cannon v. Washington, but in that decision, the Seventh Circuit noted that the prison specifically invited the inmate to seek reconsideration of his untimely grievance so long as he explained the delay. 418 F.3d 714, 718 (7th Cir. 2005).

Defendants have proffered no evidence that they specifically informed the plaintiff of how he could cure his untimely complaint (i.e., by stating a legitimate reason for extending the filing deadline). In fact, upon receipt of the appeal in November, 2016, Superintendent Silva instructed Carter to refile his appeal because he mistakenly inverted the grievance number on the appeal form. Superintendent Silva then denied the appeal on time limit grounds three weeks later. Because there is no evidence that the plaintiff was informed of the subject regulation (103 CFR 491.19), and because all facts must be drawn in favor of the non-moving party, the Court finds that the plaintiff has alleged sufficient facts to call into question the government's role in thwarting the plaintiff's ability to exhaust his available remedies.

Finally, 103 CMR 491.09 (2)(E) does not require inmates to allege monetary damages at the grievance stage. It only directs

that an inmate must request a remedy for the grievance, which the plaintiff did here. Moreover, courts have not held, as defendants suggest, that a failure to request monetary damages at the grievance stage necessitates dismissal of a complaint. Cf. Booth v. Churner, 532 U.S. 731, 739 (2001) (finding that one "exhausts" processes, not forms of relief).

As such, drawing all inferences in favor of the non-moving party, the Court finds that the plaintiff has alleged sufficient facts to allow all claims to proceed against defendants Dominique and Collins and defendants' motion to dismiss with respect to those defendants will be denied.

**Grievance 2**

As to Grievance 2, the defendants claim that the plaintiff failed to file an appeal of the grievance decision at all, thus failing to exhaust all remedies before seeking suit. They further assert that because the plaintiff failed to allege physical or psychological injuries and did not seek monetary damages in his grievance, his claim should be barred. Finally, the defendants argue that the plaintiff has not alleged that defendants O'Brien, Spencer, Gelb, Dominique and Collins have committed any wrongdoing with respect to this grievance. Thus, they submit that claims against those defendants should be dismissed.

The plaintiff submits that under 103 CMR 491.10(4) inmates must be informed of their right to appeal an adverse decision and that the letter terminating the IA investigation did not contain any reference to an appeal. As such, Carter believed that he had exhausted his administrative remedies. Moreover, he claims that where a substantive determination on the merits of a grievance has been made, the administrative remedies have been exhausted.

This Court concludes that the plaintiff has effectively exhausted his available remedies with respect to Grievance 2 despite his failure to file an appeal. In the January 2014 IA letter, Carter was informed that all of his grievances were under investigation and had been forwarded to Superintendent Gelb. In September, 2014, Superintendent Gelb notified Carter that his allegations against correctional staff were meritless and thus the matter was "considered closed".

Although Superintendent Gelb's letter refers to an intake number that does not correlate with either Grievances 1 or 2, Carter was not advised as to any right of appeal and he reasonably believed that he had exhausted all available remedies when he received a substantive decision on the merits from the Superintendent as to all allegations regarding alleged staff misconduct. See 42 U.S.C. § 1997e(a) (an action cannot be brought until all available administrative remedies are

exhausted); M.G.L. c. 127 § 38F (an inmate cannot file an appeal of a grievance claim unless he has exhausted the administrative remedy established); Porter v. Nussle, 534 U.S. 516, 524 (2002) (finding that all "available" remedies must be exhausted); Camp v. Brennan, 219 F.3d 279, 281 (3d Cir. 2000) (holding that when a substantive determination has been reached at the highest level, an inmate is not required to jump through any further "administrative hoops" to get the same answer). As such, this Court finds that the plaintiff has satisfied his obligation to exhaust all available administrative remedies.

Finally, although this Court will allow the plaintiff's claims to proceed against CO Hines, it notes that at least with respect to the § 1983 claim (Claim I), the law is settled that emotional damage by verbal harassment does not amount to an infringement of a constitutional right. See Pittsley v. Warish, 927 F.2d 3, 7-8 (1st Cir. 1991). Because neither party has raised that issue in their memoranda, the Court declines at this stage to rule on the viability of the plaintiff's § 1983 claim against CO Hines.

Accordingly, defendants' motion to dismiss Claims I, II, III and V of plaintiff's claim against CO Hines will be denied.

**C. Claims I, II and III Against the Supervisor Defendants**

With respect to the claims against Commissioners O'Brien and Spencer, and against Superintendent Gelb, the plaintiff has

made no allegations as to their involvement in the alleged assault, threats or purported failure to train, supervise or discipline correctional staff as to those incidents. Because the plaintiff makes only bald legal conclusions with respect to the supervisors' involvement in the incidents, he has not sufficiently pled facts to proceed against those defendants. See Ashcroft, 556 U.S. at 678 (holding that a complaint does not suffice if it tenders naked assertions devoid of further factual enhancement). Accordingly, defendants' motion to dismiss Claims I, II and III against the supervisor defendants O'Brien, Spencer and Gelb will be allowed.

### ORDER

Defendants motion to dismiss all claims against them is:

1) as to Correction Officers Dominique and Collins (Claims I through V), **DENIED**;

2) as to Correction Officer Hines (Claims I, II, III and V), **DENIED**; and

3) as to the supervisor defendants Spencer, O'Brien and Gelb (Claims I, II and III), **ALLOWED**.

**So ordered.**

                                                               /s/ Nathaniel M. Gorton  
                                                           Nathaniel M. Gorton  
                                                           United States District Judge

Dated December 5, 2018